UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



TYRICE ROLAND,

        v.

SGT. HILL, et al.,
        Defendants.

DECISION & ORDER

17-CV-6524-FPG-JWF

Pro se plaintiff Tyrice Roland, commenced this action pursuant to 42 U.S.C. § 1983, alleging that defendants used excessive force against him in violation of his Eighth Amendment rights while he was an inmate in Elmira Correctional Facility. Presently before the Court are plaintiff's motions to appoint counsel (Docket ## 17, 23, 38). Plaintiff filed his first motion for appointment of counsel on January 22, 2018 (Docket # 17), his second motion for appointment of counsel on February 7, 2018 (Docket # 23), and his third motion for appointment of counsel on June 21, 2018 (Docket # 38). The first two motions are identical.

Plaintiff argues that he needs Court-appointed counsel because (1) his imprisonment will hinder his ability to litigate his case effectively, (2) his case is complex, (3) he has limited access to the law library and (4) he is currently in the special housing unit. Docket # 23, at ¶ 2. For the reasons that follow, plaintiff's motion is denied without prejudice to renew.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877

1

F.2d 170, 172 (2d Cir. 1989). There are far more pro se cases in this district than there are attorneys to represent the litigants. Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also, In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, I believe plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004) (finding that plaintiff's Eighth Amendment claims that defendants

2

subjected him to cruel and unusual punishment satisfied threshold showing of merit); see also Allen v. Sakellardis, No. 02 CV 4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003) (finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). However, after reviewing the complaint and considering the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time.

Here, plaintiff's pro se complaint is succinct and detailed in nature and adequately describes the events that allegedly led to his injuries, even despite plaintiff's acknowledgment that he is not trained in the law and does not have unfettered access to the law library. In addition, plaintiff has filed a motion to compel discovery responses (Docket # 36), which also indicates he has the ability to understand the litigation process.

At this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Given the limited resources available with respect to pro bono counsel, the Court finds no "special reason"

why appointment of counsel now would be more likely to lead to a just determination. See Boomer v. Deperio, No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination").

For the foregoing reasons, at this juncture, I do not see the need for appointment of counsel. Since the filing of his motions for appointment of counsel, the defendants have moved for summary judgment (Docket # 41). That motion is pending before Chief Judge Geraci. If Judge Geraci believes that counsel is necessary for plaintiff to defend the dispositive motion, he may, of course, appoint counsel.

## Conclusion

For the reasons stated above, plaintiff's motions for appointment of counsel (Docket ## 17, 23, 38) are **denied without prejudice**.

SO ORDERED.

JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 24, 2018
Rochester, New York