UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYRICE ROLAND,

v.

SGT. HILL, et al.,
          Defendants.

DECISION & ORDER
17-CV-6524-FPG-JWF

## Preliminary Statement

Pro se plaintiff Tyrice Roland ("plaintiff" or "Roland"), commenced this action pursuant to 42 U.S.C. § 1983, alleging that defendants used excessive force against him in violation of his Eighth Amendment rights while he was an inmate in Elmira Correctional Facility. Presently before the Court is plaintiff's motion to compel discovery (Docket # 36), filed on June 14, 2018. The defendants responded on June 29, 2018. For the reasons set forth below, plaintiff's motion to compel is **granted in part** and **denied in part**.

## Relevant Facts

Plaintiff moves to compel the following five records from defendants:

1. Camera video of Mess Hall No. 1 corridor from 7:30 – 8:00 a.m. on October 7, 2016;

2. Camera video from inside Mess Hall No. 1 from 7:30 – 8:00 a.m. on October 7, 2016;

3. "Camera video of entrance of F Block door coming from medical" from 7:40 – 8:00 a.m. on October 7, 2016;

1

4. "All 'to/froms' to DSS Watch Commander, Superintendent, Sgt., and Officers" relevant to incidents on October 7, 2106. "And copies of other complaints filed against defendants including suit and reprimands for misbehavior;"

5. Directives 2110, 2111, and 2239.

Docket # 36, at 1-2.

In response, defendants argue that Roland did not try to resolve the dispute prior to filing this motion. They further claim that the first three records for video coverage do not exist and that plaintiff did not previously request the last two sets of documents. Even treating the last two sets of documents as proper discovery demands, defendants object, claiming that Roland's requests are irrelevant or overbroad. Nevertheless, they agree to provide some of the requested documents.

## Discussion

Federal Rule of Civil Procedure ("Rule") 37 requires litigants to discuss their discovery disputes with one another in good faith prior to filing a discovery motion. Defendants are correct that "[p]ro se litigants are also required to comply with the good faith meet and confer requirement of Rule 37(a)." Zimmerman v. Pautz, No. 12-CV-763A(F), 2017 WL 3404757, at *1 (W.D.N.Y. Aug. 9, 2017); see Nowlin v. Lusk, NO. 11CV712S, 2014 WL 298155 (W.D.N.Y. Jan. 28, 2014) ("Regarding the good faith requirement, there is no exception for *pro se* incarcerated parties from this obligation . . . .").

2

Notwithstanding plaintiff's failure to meet and confer prior to filing his motion pursuant to Rule 37, in the interest of judicial economy, the Court will consider the merits of plaintiff's motion. Although plaintiff did not expressly request certain portions of the fourth and fifth set of records, the Court interprets plaintiff's fourth and fifth requests as a narrowing and clarification of his previous requests and will address them, again in the interest of judicial economy.

Requests Nos. 1-3 for Video Footage: Plaintiff's request for video camera footage from the incident is denied. Defendants previously notified Roland that the only available video was that which recorded the fight in the prison mess hall. Defendants provided that footage to plaintiff. See Defs.' Resp. (Docket # 32), at 2 (explaining that the only camera footage in existence was provided to plaintiff). Indeed, in response to plaintiff's motion, Captain Scott Henry submitted a sworn affidavit stating that "[t]he video of the fight in Messhall #1 that has already been made available to Mr. Roland for his review is the only video available. This video was retained because it showed the fight. The other videos that Mr. Roland requested do not exist." Docket # 39, at 2. According to Captain Henry, no other video was retained and indeed there are no cameras outside or inside the prison infirmary. Id. at 2-3. Because defendants have turned over the

3

only video footage in existence that plaintiff sought, his motion to compel is denied with respect to these three requests.

Request No. 4 for "To/Froms" and "Suits and Reprimands for Misbehavior": Defendants contend that they previously produced the requested "to/froms," as well as plaintiff's own grievances. See Docket # 40, at ¶¶ 42-43. With respect to plaintiff's request for "copies of other complaints filed against defendants including suits and reprimands for misbehavior," defendants argue that production of these documents would be overly burdensome because grievances are organized by inmate name, not by employee. Id. at ¶¶ 37-38. Nevertheless, they vow to "search for copies of federal civil suits against defendants and documents related to disciplinary events for excessive force." Id. at ¶ 40.

The Court agrees that in addition to searching for federal civil suits against defendants, defendants shall search for and produce grievances against defendants for allegations of excessive force. Grievances or complaints against defendants for conduct similar to that at issue in this case is plainly relevant. Woodward v. Afify, 14-CV-856, 2017 WL 279555, at *4 (W.D.N.Y. Jan. 19, 2017) ("Prior complaints or grievances against a defendant may be discoverable if they involve similar conduct to that alleged in the lawsuit.") (citing Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y. 1997)). Accordingly, defense counsel is directed to consult with his clients and then engage in a good faith search

4

for responsive records. To the extent such records are discovered, they must be provided to plaintiff within thirty days from entry of this Order.

Request No. 5 for Directives Nos. 2111, 2239, 2110: Defendants contend that plaintiff never requested these directives and that, in any event, they are irrelevant. With respect to Directive 2111, I disagree.

In a discovery demand, plaintiff requested "[a]ny and [a]ll rules, regulations, and [p]olices of New York Department of Corrections about treatment of prisoners." Docket # 29, at 3. Although this request is broad, plaintiff apparently limited that request in his motion to compel, seeking three DOCCS directives. Directive 2111 appears to be relevant and thus should be produced. This Directive is entitled "Report of Employee Misconduct" and thus may be relevant to plaintiff's claims regarding excessive use of force and his subsequent reports of such conduct. There does not appear to be any security justification for keeping this directives confidential. See Abascal v. Fleckenstein, No. 06CV0349S, 2010 WL 3834839, at *9 (W.D.N.Y. Sept. 29, 2010) (DOCCS Directive 2111 voluntarily produced during discovery by DOCCS). Directive No. 2239 is entitled "Processing Civilian Job Applicants" and Directive 2110 is entitled "Employee Misconduct." Based on the current record, neither of these two directives would appear to be relevant to plaintiff's claims and accordingly do not

5

have to be produced. However, defendants shall produce Directive No. 2111 to plaintiff.

## Conclusion

For the reasons stated above, plaintiff's motion to compel (Docket # 36) is **granted in part** and **denied in part**. Defendants shall search for and produce (1) titles and case numbers of federal civil lawsuits against defendants for excessive force; (2) copies of grievances against defendants for allegations of excessive force; (3) Directive No. 2111.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 11, 2019
Rochester, New York