UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYRICE ROLAND,

                              Plaintiff,

v.

                                                                            Case # 17-CV-6524-FPG

                                                                              DECISION AND ORDER

SGT. HILL, et al.,

                              Defendants.

## INTRODUCTION

On July 31, 2017, *pro se* Plaintiff Tyrice Roland brought this action alleging that Defendants violated his constitutional rights while he was incarcerated at Elmira Correctional Facility. ECF No. 1 at 9-17. Specifically, Plaintiff alleges that on October 7, 2016, at approximately 7:45 a.m., Defendant Corrections Officer Long was escorting Plaintiff—while handcuffed—from Elmira CF's mess hall to the infirmary after an altercation. ECF No. 1 at 11. Along the way, Defendant Corrections Officer Hillman approached Plaintiff, yelled an obscenity at him, and then punched him in the face. *Id.* at 11-12. Plaintiff fell to the ground after which Long and Hillman repeatedly kicked him and beat him with an unknown object. *Id.* at 12. At some point during the beating, Defendant Corrections Officers Covell and Bernd joined in by kicking Plaintiff in the head and face. *Id.* Sergeant Hill was present for the beating and, although he did not participate, he instructed the other Defendants to refrain from hitting Plaintiff in the face. *Id.* at 12-13.

After an unknown amount of time, one of the Defendants pulled Plaintiff off of the ground by his handcuffs, "dragged" him to an examination room in the infirmary, and "slammed" him

down on an examination mattress face down, after which Hillman pressed Plaintiff's face into the mattress, suffocating him. ECF No. 1 at 13. Plaintiff then "managed to turn his face to one side and began screaming for help," which "was only met with further physical abuse" from the Defendants. *Id.* at 13-14.

Based on these facts, Plaintiff alleges three claims: (1) a violation of his Eighth Amendment right to be free from cruel and unusual punishment via use of excessive force by Hillman, Long, Covell, and Bernd during the beating on the way to the infirmary; (2) a second excessive-force claim against Hillman, Long, Covell, and Bernd for the beating in the examination room; and (3) a violation of his Eighth Amendment rights by Sgt. Hill, who failed to intervene during the beatings. ECF No. 1 at 15-16. Bernd, Hill, Hillman, and Long answered the Complaint and affirmatively stated that Plaintiff failed to exhaust his administrative remedies as to his claims. ECF Nos. 8 at 5, 9 at 5, 10 at 5, 15 at 5.

In October 2017, the U.S. Marshal attempted to serve Covell but was unsuccessful. ECF No. 5. Defense counsel later submitted a letter and documents showing that Covell was present at the fight in the mess hall. ECF No. 18 at 4, 8. As of the date of this Decision and Order, Covell has neither been served with a summons and the Complaint nor appeared in this action.

Defendants Bernd, Hill, Hillman, and Long—not Covell—now move for summary judgment as to all claims against Sgt. Hill and for all claims stemming from the alleged events in the examination room because Plaintiff purportedly failed to exhaust his administrative remedies as to those claims. ECF No. 41-5. Specifically, they argue that Plaintiff neither named Sgt. Hill in his grievance nor alleged that he was beaten in the examination room. *Id.* Plaintiff counters that he is not required to name Defendants or explain precise details of his allegations in his

grievance to exhaust his administrative remedies. ECF No. 49. For the following reasons, Defendants' Motion is DENIED.

## DISCUSSION

The Prison Litigation Reform Act of 1996 requires prisoners to exhaust their prison's administrative remedies before bringing suit in federal court. 42 U.S.C. § 1997e(a). In *Jones v. Bock*, the Supreme Court explained that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." 549 U.S. 199, 218 (2007) (citation and quotation marks omitted).

The Department of Corrections and Community Supervision (DOCCS), which maintains, staffs, and runs prisons throughout New York State, has procedural rules for prisoners to file grievances. N.Y Comp. Codes R. & Refs. tit. 7, § 701.5. Section 701.5(a)(2) specifically delineates what a grievance must contain: "In addition to the grievant's name, department identification number, housing unit, program assignment, etc., the grievance should contain a concise, specific description of the problem and the action requested and indicate what actions the grievant has taken to resolve the complaint, i.e., specific persons/areas contacted and responses received." The only description a prisoner is thus required to give as to an alleged assault is a "specific description of the problem"; there is no requirement to name the individuals responsible for the problem, articulate legal theories, or explain in detail each incident that occurred.

Plaintiff's Grievance—Grievance number EL-6468-16—reads, in pertinent part, exactly as follows:

> On the date of Oct. 7, 2016 I above named inmate was being escorted in restraint to medical from G Block to messhall revolveing a fight. Once I got to the inside of the first floor door of Medical, I was assaulted by three male correctional officers. Reason being that a female correctional officer was said to have hurt herself trying

- 3 -

> to deescalate the fight in the messhall (G Block). During this assault I was knocked
> in the head and kicked in the face. All this happen while in restraints. . . .

ECF No.49 at 4. The top of the Grievance lists Plaintiff's name and his department identification number (DIN).

The Court finds that Plaintiff's Grievance satisfies DOCCS's procedural rules. It lists his name and DIN and unambiguously describes the problem he is grieving: the alleged assault. DOCCS's procedural rules on the required content of a grievance contain no further mandates; Plaintiff is not required to list each time he was assaulted, who was present, or what claims derive from the assault. He therefore grieved all the claims he now brings against Defendants exactly as prescribed by DOCCS, thereby exhausting his administrative remedies.

The Court's conclusion is further supported by *Jones* and a decision from the United States Court of Appeals for the Second Circuit, *Espinal v. Goord*. In *Jones*, the Supreme Court reviewed the prison's procedural rules for grievances and found that the plaintiff was not required to name the defendants he eventually sued because the rules contained no requirement to name individuals that could later be sued. 549 U.S. at 217. In *Espinal*, the Second Circuit interpreted DOCCS's procedural rules and found that prisoners are not required to explain each claim they may bring in a later lawsuit. 558 F.3d 119, 127-28 (2d Cir. 2009). For example, the plaintiff in *Espinal* was not required to grieve both a conspiracy to assault him and an assault to later sue for conspiracy to use excessive force and excessive force; he was only required to grieve the assault. *Id.* The same principle holds for Plaintiff's claim against Sgt. Hill: there was no requirement for him to grieve the failure-to-intervene claim because he grieved the assault.

Finally, records of the prison officials' investigation of Plaintiff's Grievance show they were investigating and responding to allegations regarding Sgt. Hill and the examination-room assault. *See Espinal*, 558 at 127 (finding a prisoner exhausted his administrative remedies where

the allegations in his grievance "alert[ed] the prison to the nature of the wrong for which redress was sought" (quotation marks and citation omitted)). An email between prison officials regarding the investigation of Plaintiff's Grievance shows that they were investigating the involvement of Sgt. Hill, Long, and Hillman in the alleged assaults. The email mentions all three by name. ECF No. 49 at 9. It directs another official to ask Long and Hillman to address Plaintiff's allegation that he was assaulted "*at* the Infirmary," not *on the way* to the infirmary. *Id.* (emphasis added). Sgt. Hill was also asked to respond to the Grievance. *Id.*

Sgt. Hill's response addresses the separate incidents. He explains that, as he was leaving the infirmary, he saw Long holding Plaintiff on the floor. ECF No. 49 at 10. He then saw Hillman pull Plaintiff to his feet, accompany him to an examination room in the infirmary, and then "maintain control" of Plaintiff while he was on the examination table. *Id.*

These documents show that Plaintiff provided enough information to prison officials to allow them to take responsive measures to his allegations. Sgt. Hill was surely aware of the allegations since he was directed to respond to the Grievance and then did so. And prison officials were aware of the two alleged assaults—one on the way to the infirmary and the other in the infirmary examination room—because they asked Long and Hillman to address the examination-room assault and Sgt. Hill addressed both alleged assaults in his response to Plaintiff's Grievance.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment, ECF No. 41, is DENIED. By separate order, the Court will schedule a status conference to set a trial date. The parties should be prepared to address whether Covell will continue as a defendant in this action.

IT IS SO ORDERED.

Dated: August 16, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court